UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE D. CARPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No. C07-571-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Eugene D. Carper, an inmate at the Monroe Correctional Complex in Monroe, Washington, is proceeding *pro se* in this 42 U.S.C. § 1983 civil rights lawsuit against the Washington State Department of Corrections ("DOC"), the Whatcom County Jail, and several staff members of the DOC and/or Whatcom County Jail. Dkt. No. 6. The present matter comes before the Court on the defendant Whatcom County Jail's Motion to Dismiss, Dkt. No. 16-17, and the remaining defendants' Motion for Judgment on the Pleadings. Dkt. No. 27. After being granted multiple extensions of time, plaintiff filed a response to the latter motion, but not the former motion. Dkt. No. 39.[1] After careful consideration of the pleadings, the governing law and the balance of the record, the Court recommends that defendants' motions be GRANTED, and plaintiff's Amended Complaint be DISMISSED with prejudice.

---

[1] To the extent the record does not reflect such an opposition, the Court treats plaintiff's failure as an admission that the motion has some merit. *See* Local Rule CR 7(b)(2).

REPORT AND RECOMMENDATION
PAGE – 1

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Amended Complaint alleges deliberate indifference on the part of numerous jail medical personnel in response to his medical needs between October 14, 2002 and March 19, 2004. Dkt. No. 6 at 4-13.[2] Although plaintiff admits that he was treated numerous times by numerous physicians and sometimes received adequate care,[3] he ultimately alleges that his medical care was, as a whole, constitutional insufficient. This includes: (1) being placed in a non-medical cell and being forced to lay on the floor on the day of his October 14, 2002 arrest; (2) being prescribed ibuprofen and aspirin at various occasions between October 14, 2002 and September 19, 2003, despite the severe stomach pain it caused; (3) being denied treatment by Dr. Barnes from November 12, 2002 to January 2, 2003; (4) being denied x-ray or diagnostic imaging report examinations from February 2003 until March 24, 2003; (5) being denied treatment (i.e., anti-inflammatory medication) for back pain between March 24, 2003 and May 16, 2003; (6) being injured by Nurse Wable during a stomach pump procedure on March 4, 2004; and (7) being mistreated and improperly medicated in general throughout this time, which led to continued pain and suffering, and ultimately, a March 19, 2004 conclusion by Dr. Friedrich that a combination of Naprosyn, Prilosec, and NSAIDS had "caused plaintiff to suffer Duodenal Ulcers," which would ultimately require surgery. Dkt. No. 6 at 4-13.

Plaintiff's Amended Complaint points specifically to the actions of defendants Barnes, Champoux, Kenney, and Wable—outlined in paragraphs 27 through 65 of his Amended Complaint—as the source of deliberate indifference and cause of his physical injuries. Dkt. No. 6 at 4-15. It is undisputed that these paragraphs reference acts or omissions occurring between January 2, 2003 to March 19, 2004. *See* Dkt. No. 6 at 7-12. Importantly, plaintiff's

---

[2] Prior to his arrest on October 14, 2002, plaintiff underwent back surgery on January 15, 1999, and March 10, 2002. Dkt. No. 6 at 3-4.

[3] Indeed, plaintiff's Amended Complaint catalogues no fewer than thirty-three visits to a physician or other medical provider between 2002 and 2006. Dkt. No. 6 at 4-15.

REPORT AND RECOMMENDATION
PAGE – 2

allegations against Whatcom County Jail are limited to paragraphs 6, 7, 24 and 25. *See* Dkt. No. 6 at 2, 7. This includes plaintiff's booking at the Whatcom County Jail on October 14, 2002, and a brief return to that facility for a stay from December 9, 2002 until the end of that year. Dkt. No. 6 at 2, 7. It appears that the remaining allegations are directed at the State's Monroe Correctional Complex and the medical personnel of that facility (hereinafter "DOC defendants").

On April 19, 2007, plaintiff filed his first complaint in this case. Dkt. No. 1. On June 27, 2007, this Court declined to serve plaintiff's complaint due to several specified deficiencies. Dkt. No. 13. After receiving a lengthy extension of time to correct these deficiencies and file a new complaint, Dkt. No. 5, plaintiff filed his Amended Complaint on August 27, 2007. Dkt. No. 6. Seven days later, the Court directed service of plaintiff's Amended Complaint. Dkt. No. 8.

### III.   DISCUSSION

#### A.   Fed. R. Civ. P. 12(b)(6), (c)

A federal district court may dismiss a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003) (applying 12(b)(6)); *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (applying 12(c)). In doing so, the district court must accept all factual allegations in the complaint as true and must liberally construe those allegations in a light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations will not be similarly treated, nor will arguments that extend far beyond the allegations contained in the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). The district court should not weigh the evidence, ponder factual nuances, or determine which party will ultimately prevail; rather, the issue is whether the facts alleged in the plaintiff's well-pleaded complaint, accepted as true, are sufficient to state a claim

upon which relief can be granted. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

B.  Plaintiff's Claims Are Barred by the Statute of Limitations

If a claim is barred by an applicable statute of limitations, dismissal pursuant to Rule 12(b)(6) or 12(c) is appropriate, depending on whether the motion is filed before or after the pleadings are closed. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Under both rules, a statute of limitations attack involves a nimble interplay between state and federal law.

Because § 1983 contains no specific statute of limitations, this Court must borrow the forum state's statute of limitations for personal injury actions. *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001). State law also governs tolling of the statute of limitations to the extent the such rules are not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Morales*, 214 F.3d at 1155. However, federal courts apply Fed. R. Civ. P. 3 in order to determine when a § 1983 action is "commenced" for tolling purposes. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002).[4] Pursuant to Rule 3, an action is commenced when the complaint is filed with a district court. *Id.*

The United States Supreme Court has held that, in considering § 1983 claims, courts should borrow the forum state's general or residual statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123-24 & n.5 (2005). "In Washington, that would be three years." *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989) (citing R.C.W. § 4.16.080(2)). Accordingly, the applicable limitations period in this case expired three years from the date plaintiff's cause of action "accrued." R.C.W. § 4.16.080(2); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Although state law determines the length of the limitations period, federal law

---

[4] The Ninth Circuit has also recently explained that "that federal procedural rules thereafter govern the action, at least when there is a federal rule to apply." *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1289 (9th Cir. 2006).

REPORT AND RECOMMENDATION
PAGE – 4

determines when the claim accrues. *Western Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). Under federal law, a cause of action accrues and the limitations period commences "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In *Wallace v. Kato*, the Supreme Court restated this general rule by explaining that accrual occurs "when the plaintiff has 'a complete and present cause of action'" which, in most personal injury torts, occurs "as soon as the allegedly wrongful [conduct] occurred." *Wallace v. Kato*, 590 U.S. ___, 127 S. Ct. 1091, 1095 (2007) (denoting this period as the time "the plaintiff can file suit and obtain relief"); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998) (similar). Furthermore, giving plaintiff the benefit of the doubt, each alleged denial of medical care or other act of deliberate indifference, to the extent it can be distinguished from an initial or overarching denial of care, constitutes a separate cause of action, and the statute of limitations begins to run when such a denial occurs. *Cf. Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986), *cert. denied*, 479 U.S. 1054 (1987).

Here, plaintiff's claim accrued when he knew or should have known that his back injury, stomach pain, and other injuries worsened due to defendants' deliberate indifference to his serious medical needs. *Cabrera*, 159 F.3d at 379; *see also, e.g.*, *Kost v. Kozakiewicz*, F.3d 176, 188 (3d Cir. 1993) (claim for deliberate indifference to prisoner's health arising from lice infestation accrued at the time of the infestation); *Brownlow v. Chavez*, 871 F. Supp. 1061, 1064 (S.D. Ind. 1994) (claim for deliberate indifference to medical needs arising from alleged misdiagnosis accrued at time of the misdiagnosis). His claims against the defendants arose no earlier than October 2002 and no later than March 2004, during the time he was incarcerated at the Whatcom County Jail and the Monroe Correctional Complex. *See* Dkt. No. 6 at 4-13, ¶¶ 7-70. According to plaintiff's Amended Complaint, the alleged wrongful conduct by Whatcom County Jail occurred, at the very latest, between the dates of October 14, 2002 and December 31, 2002. *See* Dkt. No. 6 at 2, 7, ¶¶ 6, 7, 24, 25. Consequently, plaintiff's § 1983

REPORT AND RECOMMENDATION
PAGE – 5

action against this defendant accrued under federal law no later than December 31, 2002, and expired under state law no later than December 31, 2005. *See* R.C.W. § 4.16.080(2), *and TwoRivers*, 174 F.3d at 991. As to the remaining DOC defendants, the alleged wrongful acts and omissions occurred between January 2, 2003 and March 19, 2004. *See* Dkt. No. 6 at 7-12, ¶¶ 27-65. Accordingly, plaintiff's § 1983 action against these defendants accrued at various stages between those dates, but no later than March 19, 2004, and expired under state law no later than March 19, 2007. *See* R.C.W. § 4.16.080(2), *and TwoRivers*, 174 F.3d at 991.

  Plaintiff's initial complaint was filed on April 19, 2007. Dkt. No. 1. This complaint was not served by the Court due to several stated deficiencies. Dkt. No. 3. However, an argument can still be made that *this* date, not any later date, should be treated as the commencement date for purposes of the applicable statute of limitations. Nevertheless, April 19, 2007, as the earliest possible commencement date, is over fifteen months beyond the applicable limitations period as it relates to defendant Whatcom County Jail, and one month beyond the limitations period relative to the DOC defendants. *See* R.C.W. § 4.16.080(2). Plaintiff's Amended Complaint was filed on August 27, 2007, almost twenty months beyond the limitations period imposed by R.C.W. § 4.16.080(2) as it relates to defendant Whatcom County Jail, and over five months after expiration of the same period as it relates to the DOC defendants. Accordingly, under either scenario, plaintiff's claims for relief are time-barred,[5] unless the statute of limitations was tolled.

---

[5] To benefit from the April 19, 2007 date, the Court would need to find that plaintiff's amended complaint "relates back" to the original complaint pursuant to Fed. R. Civ. P. 15(c) and governing case law. *See Schiavone v. Fortune*, 477 U.S. 21, 29 (1986). Under federal law, because plaintiff's amended complaint added new parties to the action, and was filed and served more than 120 days after the original complaint, it likely does not relate back to the date of the original complaint for statute of limitations purposes. *See* Fed. R. Civ. P. 15(c); *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1502-03 (9th Cir. 1994). However, even assuming that plaintiff's Amended Complaint relates back, it would still be time-barred by operation of R.C.W. § 4.16.080.

REPORT AND RECOMMENDATION
PAGE – 6

C. <u>Statutory or Equitable Tolling Does Not Save Plaintiff's Complaint</u>

A district court may grant a motion to dismiss on statute of limitations grounds "'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Morales*, 214 F.3d at 1153 (quoting *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). Plaintiff has failed to allege, much less establish, a basis for statutory tolling under the two potentially applicable state law provisions, R.C.W. §§ 4.16.170 and 4.16.190.

The first possible tolling provision, R.C.W. § 4.16.070, requires either the filing or service of the complaint, so long as service (if previously filed) or filing (if previously served) is accomplished within 90 days from the date of filing or service. *Id.* "If following service, the complaint is not so filed, or following filing, service is not so made," the action is treated as if it had not been properly commenced, and the court loses jurisdiction. *Id.*; *Martin v. Triol*, 121 Wn.2d 135, 149, 847 P.2d 471, 478 (1993); *Adkinson v. Digby, Inc.*, 99 Wn.2d 206, 208, 660 P.2d 756, 757 (1983); *O'Neill v. Farmers Ins. Co.*, 124 Wn.App. 516, 523, 125 P.3d 134, 137 (Wash. Ct. App. 2004). In the present case, because the earliest possible date of filing came fifteen months *after* expiration of the applicable limitations period for claims against defendant Whatcom County Jail, and one month beyond the limitations period for claims against the DOC defendants, § 4.16.170 is likely inapplicable. Furthermore, service of process was not accomplished within 90 or 120 days from the (earliest possible) filing date of March 19, 2007. For that reason, neither R.C.W. § 4.16.170 nor Federal Rule of Civil Procedure 4(m) can save plaintiff's Amended Complaint. *Cf. Issaquah School Dist. No. 411*, 470 F.3d at 1289 (using Rule 4(m)'s 120-day period for service in a case arising under federal law).[6]

The second possible tolling provision, R.C.W. § 4.16.190(1), applies as a personal

---

[6] It should be added that plaintiff has failed to even contend that he complied with R.C.W. § 4.16.070 by serving any defendant within 90 days of filing the original complaint or otherwise commencing his lawsuit against defendants within the time allotted by the Washington tolling statutes or the Federal Rules of Civil Procedure.

REPORT AND RECOMMENDATION
PAGE – 7

disability based on a plaintiff's present incarceration. This provision "tolls the statute of limitations while a person is 'imprisoned on a criminal charge[,]' but only 'prior to sentencing.'" *Gausvik v. Perez*, 239 F. Supp. 2d 1108, 1122 (E.D. Wash. 2002) (quoting R.C.W. § 4.16.190(1), and noting that the prior version of this statute did not include the terms "prior to sentencing"), *rev'd in part on other grounds*, 345 F.3d 813 (9th Cir. 2003). By its plain terms, this provision does not save plaintiff's Amended Complaint. At the latest possible time plaintiff's cause of action accrued—March 19, 2004—he was not "imprisoned on a criminal charge prior to sentencing." R.C.W. § 4.16.190(1). Instead, it appears that he had been convicted and sentenced by that time.

Third and finally, plaintiff has failed to allege, and the Court does not find, a basis for equitable tolling in this case. *See Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791, 797 (1998) ("The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff.").

D. <u>Plaintiff's Motion for Enlargement of Time Is Denied</u>

Plaintiff's "Motion For Enlargement of Time to File a Response to Defendants['] Motion to Dismiss" (Dkt. No. 38) was prepared and signed by a Mr. Larnel Webb Lofton, who appears to be a co-inmate assisting plaintiff with the litigation of his case. *See* Dkt. Nos. 38, 38-1. Defendants have filed a motion opposing this request, Dkt. No. 40, to which plaintiff has replied. Dkt. No. 41. This Court previously granted plaintiff two previous extensions of time, giving him no less than nine weeks of additional time within which to respond to defendants' dispositive motions. *See* Dkt. Nos. 31, 32.

Good cause has not been shown for another extension. Furthermore, the Ninth Circuit has made clear that although a non-attorney "may appear *in propria persona* in his own behalf, . . . [h]e has no authority to appear as an attorney for others." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted). For these reasons, plaintiff's motion (Dkt. No. 38) must be denied. Plaintiff's original responsive brief to the DOC defendants'

motion to dismiss was received and considered by this Court. Dkt. No. 37. His second response to the same motion (Dkt. No. 39) is therefore stricken.

## IV. CONCLUSION

Under both Washington and federal law, plaintiff was not permitted to sit on the § 1983 deliberate indifference claims outlined in his Amended Complaint for more than three years after the date(s) of the alleged wrongful conduct. Because he did so, and because his untimeliness cannot be saved by any statutory or equitable tolling, the Court recommends that defendants' Motion for Judgment on the Pleadings (Dkt. No. 16) and Motion to Dismiss (Dkt. No. 27) be GRANTED, and plaintiff's Amended Complaint (Dkt. No. 6) be DISMISSED with prejudice. In addition, plaintiff's "Motion For Enlargement of Time to File a Response to Defendants['] Motion to Dismiss" (Dkt. No. 38) is DENIED, and his second response (Dkt. No. 39) to the DOC defendants' dispositive motion is STRICKEN. A proposed order accompanies this Report and Recommendation.

Dated this 29th day of February, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge