UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE D. CARPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No. 07-cv-00571-JLR-JPD<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DIRECTING PLAINTIFF TO RESPOND TO DEFENDANTS' SUMMARY JUDGMENT MOTION |

Plaintiff Eugene Carper, an inmate at the Monroe Correctional Complex ("MCC") in Monroe, Washington, is proceeding *pro se* in this 42 U.S.C. § 1983 civil rights action alleging that the defendants, health care providers at MCC, were deliberately indifferent to his serious medical needs. This matter comes before the Court on the defendants' motion for summary judgment, Dkt. 81, as well as the plaintiff's motion to compel discovery and file an amended complaint, Dkt. 82.

The Court has previously granted plaintiff lengthy extensions of time to complete discovery in this action. Specifically, on June 7, 2010, the Court granted plaintiff an extension of almost sixty (60) days to complete discovery in this case. Dkt. 73 at 2. Similarly, on

ORDER
PAGE - 1

August 11, 2010, the Court granted plaintiff a 90-day extension, re-set the dispositive motion deadline for November 26, 2010, and denied plaintiff's alternative request for leave to amend his complaint as moot. *See* Dkt. 78 at 1-2. The defendants timely filed a motion for summary judgment on November 24, 2011. Dkt. 81. Plaintiff then filed the instant motion to compel and file an amended complaint on December 1, 2010, as well as a response to the defendants' summary judgment motion on December 22, 2010. Dkts. 82, 83. The defendants filed a response to plaintiff's motion to compel on December 23, 2010. Dkt. 84.

In his motion to compel discovery and file an amended complaint, plaintiff asserts that three individual defendants, physician's assistant Patrick Barnes as well as Drs. Kenney and Champoux, failed to answer several of plaintiff's interrogatories and requests for production of documents.[1] Dkt. 84. After reviewing the interrogatories and responses at issue, however, the Court finds that each of the interrogatories were either fully answered by the defendants, or seek information that is either privileged or irrelevant to plaintiff's claims in this action. *See* Dkt. 82 at 5. For example, the Court notes that many of plaintiff's interrogatories seek information regarding inmates who are not parties to this action, such as medical records that are protected from disclosure by Washington law. *See* RCW 70.02.020 (prohibiting health care providers from disclosing a patient's health care information to any other person without the patient's written authorization). Thus, plaintiff's motion to compel defendants Barnes, Kenney, and Champoux to engage in further discovery, Dkt. 82, is DENIED.

In addition to plaintiff's motion to compel further discovery, plaintiff seeks leave to file an amended complaint in this action. Dkt. 82 at 13, 34, and 55. As discussed above, however, in granting plaintiff's request for an extension of time to conduct discovery, this Court

---

[1] Specifically, plaintiff filed three separate motions to compel directed to these defendants. *See* Dkt. 82 at 1-21 (plaintiff's motion to compel discovery by physician's assistant Barnes); *id*. at 22-42 (plaintiff's motion to compel discovery by Dr. Kenney); *id*. at 43- 62 (plaintiff's motion to compel discovery by Dr. Champoux). Plaintiff's supporting memoranda are virtually identical, and each memorandum contains a request to amend the complaint. Thus, the Court affords plaintiff's motions identical treatment.

ORDER
PAGE - 2

previously denied plaintiff's alternative request to file an amended complaint. Dkt. 78 at 2. Furthermore, plaintiff has made no showing in these proceedings that the defendants improperly responded to plaintiff's interrogatories, necessitating an amendment of plaintiff's complaint at this late stage of the litigation. *See* Dkt. 82 at 13, 34, and 55. Accordingly, plaintiff's motion for leave to amend his complaint, Dkt. 82, is also DENIED.

Finally, although plaintiff already filed a timely response to the defendants' summary judgment motion, the Court notes that plaintiff largely focused his argument on his pending request to amend his complaint. *See* Dkt. 83 at 12. In light of this Court's denial of that request, the Court grants plaintiff one final opportunity to respond to the allegations set forth in the defendants' summary judgment motion. *See* Fed. R. Civ. P. 56(e) (providing that if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact[.]").

Accordingly, the Clerk is directed to re-note the defendants' summary judgment motion, Dkt. 81, for consideration on Friday, April 22, 2011. Plaintiff is directed to file a second response to the defendants' summary judgment motion, and support his response with appropriate evidence as set forth in Fed. R. Civ. P. 56(c), **no later than Monday, April 18, 2011**. Plaintiff is advised that his failure to respond with appropriate evidence will result in dismissal of this action with prejudice. Any reply by the defendants' shall be filed no later than the April 22, 2011 noting date. The Clerk is further directed to send a copy of this Order to plaintiff, counsel for defendants, and to the Honorable James L. Robart.

DATED this 15th day of March, 2011.

                                                /s/ James P. Donohue
                                                JAMES P. DONOHUE
                                                United States Magistrate Judge

ORDER
PAGE - 3